UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAMONT JAMES MCGHEE

    Defendant.
_____/

Case No. 17-cr-20154

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A HEARING PURSUANT TO FRANKS V. DELAWARE [17]**

## I. INTRODUCTION

Presently before the Court in this criminal action is Defendant Lamont James McGhee's motion for a hearing to challenge the truthfulness of a warrant affidavit, brought pursuant to Franks v. Delaware, 438 U.S. 154 (1978). Defendant asserts that there was a lack of probable cause for his arrest because the search warrant rested upon false statements made with reckless disregard for the truth. For the reasons that follow, the Court DENIES Defendant's Motion for a Franks Hearing.

## II. FACTUAL BACKGROUND

On April 23, 2015, Anderson Robinson was arrested in the City of Detroit. Dkt. No. 19-1, p. 3 (Pg. ID 69). The police seized from him over 1.5 kilograms of cocaine and over $145,000 in cash. Id. An interview with Robinson revealed that his

cocaine supplier was known to him as "L." Id. According to Robinson, L supplied him with approximately 1-2 kilograms of cocaine every month. Id. Robinson provided the police with L's phone number, and he was released from custody in exchange for future cooperation in the investigation of L. Id.

Through the use of toll records, Officer Brian Elko of the Drug Enforcement Agency ("DEA") identified L as the Defendant, Lamont James McGhee. Id. It was also determined that Defendant resided at 16124 Veronica in the City of Eastpointe. Id. Robinson was shown a photograph of Defendant, and he positively identified Defendant as L. Id.

Officer Elko obtained four 30-day search warrants for phone pings on Defendant's phone through the 41-B District Court in Clinton Township. Id. He also obtained three 56-day tracking warrants for Defendant's vehicles from the same court. Id. From approximately May 18, 2015 to May 6, 2016, these surveillance devices revealed that Defendant made frequent stops at various residences in Wayne and Macomb County for short periods of time. Id. On numerous occasions, it was also observed that Defendant met with "DEA 1," who was the target of a large-scale investigation by the DEA for trafficking cocaine in the Metro Detroit area. Id.

The police then obtained information from a "credible and reliable" criminal informant, "C.I. #221," that Robinson was still purchasing cocaine from Defendant. Id., p. 4 (Pg. ID 70). C.I. #221 had previously aided the police in the seizure of

multiple kilograms of cocaine, large amounts of pharmaceutical drugs, along with heroin and marijuana. Id. Robinson was arrested on January 26, 2016, and additional cocaine and currency was seized. Id.

On January 3, 2017, the police gathered two trash bags from the bin located in front of Defendant's home. Id. In the bags were "wrappers" consistent with the kind of packaging used for two kilograms of cocaine. Id. Along with the wrappers were cellophane, empty boxes of baking soda, dryer sheets, and sandwich baggies. Id. The police swabbed the wrappers using a Sirchie Narc Cocaine ID swipe, which indicated a positive test for cocaine. Id.

Detective James Onyski sought a search warrant for Defendant's home based on the following: "the statements of Robinson, the information gathered from the phone search warrants, tracking search warrants, surveillance and the positive tests for cocaine on multiple kilogram size 'wrappers.' " Id. On January 3, 2017, a warrant issued by Magistrate Karen Haydett of the 38th District Court of Eastpointe was executed to search Defendant's residence. Dkt. No. 1, p. 2 (Pg. ID 3). Defendant was found in possession of 290 grams of cocaine, 65.5 grams of crack cocaine, and a 9mm Glock pistol, which was holstered on his person. Id., pp. 3–4 (Pg. ID 3–4).

Defendant was charged under 21 U.S.C. §§ 841(a)(1) and 841(B) ("Possession with Intent to Distribute and Distribute a Controlled Substance") and

18 U.S.C. § 924(c) ("Possession of a Firearm(s) in Furtherance of and During and in Relation to a Drug Trafficking Crime"). Dkt. No. 11, pp. 1–2 (Pg. ID 19–20). Defendant filed the present motion for a Franks hearing on June 2, 2017. Dkt. No. 17. He challenges the truthfulness of the January 2017 warrant affidavit written by Detective Onyski, asserting that elements of the affidavit were false or fabricated. Id.

### III.  LEGAL STANDARD FOR FRANKS HEARING

A defendant is entitled to a hearing to challenge the validity of a search warrant if he makes a *substantial* preliminary showing that: (1) a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, *and* (2) the allegedly false statement is necessary to the finding of probably cause. Franks, 438 U.S. at 154–55 (emphasis added). To mandate an evidentiary hearing, the challenger's attack must be more than conclusory, pointing out specifically, with supporting reasons, the portion of the warrant affidavit that is claimed to be false. Id. It also must be accompanied by an offer of proof beyond a mere desire to cross-examine, including affidavits or sworn or otherwise reliable statements of witnesses, or an explanation of their absence. Id.

A Franks hearing is only merited in cases of omissions in "rare instances." Mays v. City of Dayton, 134 F.3d 809, 815 (6th Cir. 1998), cert. denied, 524 U.S.

942 (1998). "This is so because an allegation of omission potentially opens officers to endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to defendant's benefit." United States v. Atkin, 107 F.3d 1213, 1217 (6th Cir. 1997) (internal quotation omitted).

On appeal, a district court's ruling on a motion for a Franks hearing is reviewed under the same standard as a motion to suppress: all findings are reviewed for clear error and its conclusions of law are reviewed de novo. Id. at 1216.

## IV. ANALYSIS

The Court finds that the Defendant failed to make a substantial showing sufficient to merit a Franks hearing.

### A. Defendant Fails to Make a Substantial Preliminary Showing that the Affiant Made Any False Statement

According to the Defendant, "The basis of the January 3, 2017 affidavit Detective Onyski (affiant) swore out rests entirely upon this Court accepting at face value the scurrilous self-serving statements of two, perhaps three, so-called unnamed witnesses-sources, amidst officers who are attempting to advance an investigation, one of which states that the information in the search is very stale." Dkt. No. 17, p. 2 (Pg. ID 47). This argument is legally insufficient to warrant a Franks hearing.

Turning first to facts, the affidavit includes statements from only one unnamed witness. Excluding law enforcement and the Defendant, the affidavit mentions three individuals: Anderson Robinson, DEA 1, and C.I. #221. Anderson Robinson is a

named witness. The affidavit does not mention any statements from DEA 1. C.I. #221 is the only unnamed witness whose statements are included in the warrant affidavit. According to the affidavit:

> C.I. #221, a credible and reliable source who had provided information to [Onyski] that resulted in the seizure of multiple kilogram amounts of Cocaine, large amounts of pharmaceutical drugs along with [h]eroine and [m]arijuana was able to befriend Robinson. Information obtained through C.I. # 221 was that Robinson was still obtaining [c]ocaine from Mcghee.

Dkt. No. 19-1, p. 4 (Pg. ID 70).

The affidavit concludes by listing the five grounds Onyski relies upon for probable cause, none of which rest on the statements made by C.I. #221: (1) Robinson's statements; (2) the information gathered from the phone search warrants; (3) the information gathered from the tracking search warrants; (4) the information gathered from surveillance; and (5) the positive test for cocaine on multiple kilogram-size wrappers. Therefore, contrary to Defendant's argument, the affidavit relies <u>in part</u> on statements of just <u>one</u> unnamed witness.

Turning next to legal sufficiency, the Defendant provides no offer of proof that any statement in the affidavit is false. The Defendant's motion includes only one citation—a quote from <u>Franks</u>. <u>See</u> Dkt. No. 17, p. 4 (Pg. ID 49). The Defendant's motion does not include any attachments, affidavits, or otherwise reliable statements of witnesses to support the Defendant's claim of falsity. The Defendant proffers only an uncorroborated, unsubstantiated and unsworn belief that

the unnamed witnesses are not "real persons." Id. Based on Franks and its Sixth Circuit progeny, the Defendant falls short of the substantial preliminary showing necessary to warrant an evidentiary hearing.

In United States v. Young, 847 F.3d 328, the Sixth Circuit reviewed whether a district court erred in denying a defendant a Franks hearing. United States v. Young, 847 F.3d 328, 348 (6th Cir. 2017), cert. denied sub nom. Vance v. United States, No. 16-8839, 2017 WL 1481183 (U.S. May 30, 2017). In Young, the Court held that denial of the Franks hearing was warranted because the Defendant "presented nothing more than an *allegation* that [the affiant] intended to mislead the issuing judge." Id. (emphasis in original). Similarly, in this case, McGhee presents nothing more than an allegation—his bare belief—that the affiant made false statements to mislead the magistrate. Therefore, because Defendant's allegations are merely conclusory, he fails to make a substantial preliminary showing that Onyski made any false statements.

B. Defendant Fails to Make a Substantial Preliminary Showing that the Allegedly False Statements were Necessary to the Finding of Probably Cause

Even if Defendant could make a substantial showing that Detective Onyski recklessly or deliberately made false statements with regard to C.I. #221, probable cause still exists.

In deciding whether the affidavit supporting a warrant establishes probable cause, magistrate judges are to apply a totality-of-the-circumstances approach,

considering the "veracity," "reliability" and "basis of knowledge" of persons supplying hearsay information, and whether there is a fair probability that contraband or evidence of a crime will be found in a particular place. United States v. Allen, 211 F.3d 970, 972 (6th Cir. 2000) (citing Illinois v. Gates, 462 U.S. 213, 230 (1983)). Sufficient information must be presented to the magistrate to allow that official to determine probable cause. Gates, 462 U.S. at 239. "[O]nly the probability, and not a prima facie showing, of criminal activity is the standard of probable cause[.]" United States v. Davidson, 936 F.2d 856, 860 (6th Cir. 1991). An affidavit relying on hearsay "is not to be deemed insufficient . . . so long as a substantial basis for crediting the hearsay is presented." United States v. Moore, 452 F.2d 569, 572 (6th Cir. 1971). If an affidavit rests on statements made by a confidential informant, the affiant need only specify that the source has given accurate information in the past to qualify as reliable. United States v. Greene, 250 F.3d 471, 480 (6th Cir. 2001). There is no requirement that an informant be named either in the search warrant affidavit or in the search warrant. United States v. Woosley, 361 F.3d 924, 927 n.4 (6th Cir. 2004).

"A magistrate's 'determination of probable cause should be paid great deference by reviewing courts.' " Gates, 462 U.S. at 236 (quoting Spinelli v. United States, 393 U.S. 410, 419 (1969)). The traditional standard for review of an issuing magistrate judge's probable cause determination has been so long as the magistrate

had a "substantial basis for . . . conclud[ing]" that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more. Jones v. United States, 362 U.S. 257, 271 (1960); United States v. Davidson, 936 F.2d 856, 859 (6th Cir. 1991). "Consequently, a magistrate's decision to grant a search warrant should only be reversed if it was arbitrarily exercised." Greene, 250 F.3d at 478 (6th Cir. 2001). However, the Supreme Court has held that:

> [t]he deference accorded to a magistrate's finding of probable cause for the issuance of a warrant does not preclude inquiry into the knowing or reckless falsity of the affidavit on which that determination was based, and the courts must also insist that the magistrate purport to perform his neutral and detached function and not serve merely as a rubber stamp for the police.

United States v. Leon, 468 U.S. 897, 898 (1984).

In this case, Magistrate Karen Haydett of the 38th District Court of Eastpointe issued the search warrant based on Onyski's affidavit. Throughout the course of the investigation on Defendant, police received information from Robinson, a known informant, regarding Defendant's criminal activities. See United States v. Miller, 314 F.3d 265, 270 (6th Cir. 2002) (holding that a known informant's statement can support probable cause even though the affidavit fails to provide any additional basis for the known informant's credibility and the informant has never provided information to the police in the past). Robinson's information was corroborated by police monitoring, which indicated that Defendant made frequent short stops akin to the delivery of drugs. See U.S. v. Lattner, 385 F.3d 947, 952–53 (6th Cir. 2004)

(holding that "the affiant witnessed several people visiting the residence, staying a few minutes, and then leaving with small packages. This activity, consistent with the affiant's training and experience, supported the anonymous complaint of narcotics trafficking at that location . . . and was sufficient to support a search warrant[.]"). Moreover, the police noted Defendant's numerous meetings with DEA 1, an individual being investigated for large-scale cocaine distribution. See United States v. Diaz, 733 F.2d 371, 375 (5th Cir. 1984) (holding that long distance calls to known dealers contributed to a finding of probable cause). The wrappings found in Defendant's trash, which tested positive for cocaine, further corroborate a finding of probable cause. See United States v. Roberson, 332 F. App'x 290, 292 (6th Cir. 2009) ("[E]ven if the information obtained from the anonymous source is excised from the affidavit, the evidence gathered from the officers' independent investigation and surveillance . . . as set forth in the affidavit is sufficient to establish probable cause for the issuance of a warrant."). Based on the totality of the circumstances, the magistrate judge had a substantial basis for issuing the search warrant—even without C.I. #221's statements.

### C. Defendant's Staleness Argument Fails

Lastly, Defendant seems to briefly argue that a Franks hearing is needed because the warrant affidavit rests on "stale" information. This argument lacks merit.

To show probable cause that contraband is where an officer's affidavit says it is, the affidavit must contain statements of fact "so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." Sgro v. United States, 287 U.S. 206, 210 (1932). "[A] warrant is stale if the probable cause, while sufficient at some point in the past, is now insufficient as to evidence at a specific location." United States v. Abboud, 438 F.3d 554, 572 (6th Cir. 2006). Whether an affidavit's information is stale enough to preclude a showing of probable cause depends on the facts alleged in the affidavit. See United States v. Spikes, 158 F.3d 913, 923–24 (6th Cir. 1998). Here, Defendant claims that one of the officers in this case once stated that information used was "very stale." Dkt. No. 17, p. 2 (Pg. ID 47). However, this hearsay is not supported by sworn testimony or other evidence.

Detective Onyski's affidavit provided multiple reasons for the magistrate judge to believe there were drugs in the house at the time the warrant was issued, particularly the presence of cocaine wrappers in Defendant's trash the same day as the warrant's issuance. See United States v. Wingate, 191 F.3d 454, 1999 WL 775917, at *3–4 (6th Cir. Sept. 24, 1999) (table decision) (holding that traffic around the searched residence, the presence of a known drug dealer, and trash pulls that revealed cut straws, torn plastic baggies, marijuana stems, and one baggie with cocaine residue, constituted substantial basis for magistrate's probable cause

determination); see also United States v. Allebach, 526 F.3d 385, 387 (8th Cir. 2008) ("We have little hesitancy in concluding a reasonable magistrate would conclude the materials found in the trash—two plastic bags with cocaine residue, two corners torn from plastic bags, Brillo bags, a film canister with white residue—were sufficient to establish probable cause that cocaine was being possessed and consumed in Allebach's residence.") (internal footnotes omitted). In this case, there was a same-day temporal connection between the trash pull and the request for a search warrant. Moreover, there was evidence of drug trafficking obtained from the trash pull, i.e., wrappers that tested positive for cocaine, empty boxes of baking soda, and several plastic baggies. The affidavit therefore showed that Onyski acted on fresh information, and that the magistrate judge had a substantial basis for issuing a search warrant.

## V. CONCLUSION

Defendant proffers no evidence indicating the information used in the warrant affidavit was false or stale. Rather, Defendant's motion rests on conclusory accusations of misconduct. District courts are to display great deference to a magistrate judge's probable cause determination, and a Franks hearing is only warranted where the defendant has made a substantial showing that an affidavit contains a falsity by presenting proof. Defendant's motion fails to include any supplementary affidavits or sworn statements that might support his claim, and also

neglects to explain their absence. Thus, the Court finds that an evidentiary hearing concerning the truthfulness of the January 2017 affidavit is not warranted under the circumstances. Accordingly, Defendant's Motion for a <u>Franks</u> Hearing [17] is DENIED.

**SO ORDERED**.

Dated: October 26, 2017  /s/Gershwin A Drain  
Detroit, MI  HON. GERSHWIN A. DRAIN  
United States District Court Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 26, 2017, by electronic and/or ordinary mail.

/s/Tanya Bankston  
Case Manager, (313) 234-5213