UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAMONT JAMES MCGHEE

    Defendant.
_____/

Case No. 17-cr-20154

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

## OPINION AND ORDER DENYING MOTIONS TO SUPPRESS EVIDENCE SEIZED PURSUANT TO SEARCH WARRANT [33, 39]

**I.    Introduction**

On March 14, 2017, Defendant Lamont James McGhee was indicted on two charges: possession with intent to distribute and distribution of a controlled substance, under 21 U.S.C. §§ 841(a)(1), 841(B), (Count I); and possession of a firearm in furtherance of and during and in relation to a drug trafficking crime, under 18 U.S.C. § 924(c), (Count II). Dkt. No. 11, pp. 1–2 (Pg. ID 19–20). And on June 2, 2017, McGhee requested a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). *See* Dkt. No. 17. The Court denied his request in an Opinion and Order dated October 26, 2017. Dkt. No. 30.

Then, on November 8, 2017, McGhee filed a Supplemental Motion to Suppress Evidence Seized Pursuant to the Search Warrant. Dkt. No. 33. The

Government responded to the motion on November 21, 2018, and McGhee replied in support on November 29, 2017. *See* Dkt. Nos. 34, 35. Because this motion challenged the alleged use of a wiretap, and the Government then confirmed it did not use a wiretap here, the Court granted McGhee leave to file an additional motion to suppress. *See* Dkt. No. 37.

McGhee filed on January 16, 2018 a Second Supplemental Motion to Suppress Evidence Seized Pursuant to the Search Warrant. Dkt. No. 39. The Government filed a brief in opposition on January 30, 2018. Dkt. No. 41. McGhee submitted a reply in support on February 6, 2018. Dkt. No. 42.

Presently before the Court are the Defendant's Motions to Suppress Evidence Seized Pursuant to the Search Warrant [33, 39]. These motions are fully briefed. The Court held a hearing (and status conferences) regarding this motion over several dates in February and March 2018. For the reasons detailed below, the Court ruled from the bench and DENIED the Defendant's Motions to Suppress Evidence Seized Pursuant to the Search Warrant [33, 39]. The Court will explain its rationale below.

**II. Background**

The search warrant and affidavit at issue here was authored by James Onyski, a Deputy Sheriff for Macomb County, Michigan. In the affidavit, Onyski first noted that officers had tried to collect McGhee's trash on "countless" occasions, but his trash was never on the street.

Yet on January 3, 2017, after midnight, but before daylight, Onyski and fellow Macomb County Detectives Scott Gallus and Keith Davlimnck observed trash bags on the curb outside of McGhee's residence. Onyski wrote that Gallus placed the trash bags in the police vehicle and the detectives then returned straightaway to their office.

Onyski continued that the trash contained items associated with drug dealing, including wrappers with cellophane-like material and tape, boxes of Arm & Hammer baking soda, dryer sheets, and sandwich baggies. Additionally, in a field test, the wrappers tested positive for cocaine, according to Onyski.

All three detectives testified at the suppression hearing. And at the hearing, all three testified that they collected only McGhee's trash that morning. Indeed, they said they were unable to locate any other target's trash prior to reaching McGhee's home and after collecting McGhee's trash, they proceeded directly to their office, not making any stops in between.

### III.  Discussion

According to the Defendant, the Court must suppress the evidence discovered pursuant to the search warrant and affidavit because that document lacks probable cause. Specifically, McGhee maintains the detectives' testimony suggests that there was no probable cause for the search warrant. The Court disagrees. The detectives'

3

testimony indicates that the trash pull occurred as detailed in the search warrant and affidavit. Therefore, McGhee's argument lacks merit.

Additionally, McGhee asserts Detective Davlimnck violated a sequestration order when he contacted and spoke to Detectives Onyski and Gallus about their suppression hearing testimony. The Court finds that any violation of the sequestration order was harmless.

A. Motions to Suppress

The search warrant and affidavit established probable cause to search McGhee's residence. The Fourth Amendment demands there be probable cause for a search warrant. U.S. CONST. amend. IV. And "to demonstrate probable cause sufficient to justify a search warrant, the proponent must submit an affidavit that indicate[s] a fair probability that evidence of a crime will be located on the premises of the proposed search.' " *United States v. Hines*, 885 F.3d 919, 923 (6th Cir. 2018) (alteration in original) (some internal quotation marks omitted) (quoting *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009)). "[T]he 'totality of the circumstances, including a confidential informant's veracity, reliability, and basis of knowledge,' " the Sixth Circuit has held, guides courts in " 'answer[ing] the commonsense, practical question of whether an affidavit is sufficient to support a finding of probable cause.' " *Id.* (some internal quotation marks omitted) (quoting *United States v. May*, 399 F.3d 817, 822 (6th Cir. 2005)). Therefore, "line-by-line

scrutiny of the underlying affidavit is improper when reviewing the issuing judge's probable cause determination[.]" *Id.* at 923–24 (quoting *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (en banc)). Finally, courts' analysis must rest on only "the information contained within the four corners of the affidavit[.]" *Id.* at 924 (quoting *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009)).

The Onyski affidavit, as confirmed by the suppression hearing testimony, established probable cause for the search warrant. The Defendant maintains the search warrant and affidavit is not credible because the detectives testified inconsistently regarding the trash pull. The inconsistences McGhee complains of, however, are minor. They do not address whether the trash pull took place.

The Defendant emphasizes, for instance, that the detectives gave contradictory testimony regarding the number of homes they inspected for trash prior to arriving at the Defendant's residence and collecting his trash. He also argues they gave different testimony about whether Detective Davlimnck sat in the front or back seat during the trip from McGhee's home to the detectives' office.

Any conflicting testimony on these points is immaterial. All three detectives said they obtained only McGhee's trash on the morning in question, as there was no garbage on the street at residences examined prior to their arrival at McGhee's home. And, after collecting McGhee's trash, they went straight to their office. There is no debate, then, as to whether the trash pull occurred. This testimony does not even

5

raise doubts about whether the trash collected belonged to someone else, or if the Defendant's trash was interspersed with that of another person.

McGhee's contentions about conflicting testimony on small details are misguided for yet another reason. If the detectives gave the same testimony on every minute happening during the trash pull, such uniformity might indicate coordinated testimony. Rather, here, uniformity as to the key events, and slightly different recollections of insignificant details, lends credibility to the detectives' testimony.

McGhee also vigorously claims that because the police had not observed him engaged in illegal activity, despite long-running surveillance, the Court should find that the search warrant and affidavit lacks probable cause. In further support of this argument, he claims that although detectives attempted to collect his trash in 2015 on over ten occasions, they were unable to do so.

These assertions do not cast doubt on the veracity or credibility of the search warrant and affidavit, however. The affidavit describes, and the testimony confirmed, that the officers pulled trash from McGhee's residence in the early morning hours of January 3, 2017. And, crucially, the trash included evidence of drug dealing. It contained (1) wrappers having several layers of cellophane-like material and tape, frequently used for wrapping kilogram quantities of cocaine; (2) empty boxes of Arm & Hammer baking soda, a common ingredient of crack cocaine; (3) dryer sheets, often employed to disguise the odor of cocaine; and (4) sandwich

baggies, which are regularly used to package cocaine.  Indeed, the affidavit states, and all three detectives testified, that the wrappers tested positive (in a field test) for cocaine.  Therefore, the detectives need not have seen McGhee commit a crime to establish probable cause.  Seeing his trash was enough.

What is more, the trash contained evidence that it belonged to McGhee.  It included medicine prescribed to him at the address from which the detectives pulled the trash—medicine that had expired just days before the trash pull occurred.

Based on the above, the search warrant and affidavit established probable cause to search McGhee's home.  For this reason, the Court denied McGhee's suppression motion at oral argument.

B.  Sequestration Order

The Defendant additionally argues the detectives violated a sequestration order.  Specifically, McGhee notes that before Detective Davlimnck took the stand, Davlimnck spoke to Onyski and Gallus—in separate discussions—regarding the general scope of their testimony.  But, any violation of the sequestration order was harmless.

First, Davlimnck testified last and did so nearly one month after Onyski and Gallus had given their testimony.  As Davlimnck, and not the other detectives, initiated this communication and did so long after the other detectives had testified, this correspondence does not warrant a negative inference.  Second, Onyski and

7

Gallus informed Davlimnck of only high level details regarding their testimony. Consequently, these discussions at most constitute a technical violation of the sequestration order, and any violation was harmless.

## IV. Conclusion

The Defendant twice moved to suppress evidence seized pursuant to the search warrant; first on November 8, 2017 and second on January 8, 2018. Dkt. Nos. 33, 39. The testimony at the suppression hearing demonstrated that there was probable cause for the search warrant, however. In particular, the testimony showed that the trash pull occurred as written in the search warrant and affidavit. Therefore, while on the record, the Court DENIED the Defendant's Motions to Suppress Evidence [33, 39].

In addition, the Court finds that any violation of the sequestration order was harmless.

IT IS SO ORDERED.

Dated: May 8, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 8, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston

Deputy Clerk